**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 25-1412 JGB (DTBx) | Date | June 20, 2025 |
| Title | *Donna Ray v. PetSmart LLC* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order REMANDING Case to San Bernadino County Superior Court (IN CHAMBERS)**

Before the Court is a Notice of Removal filed by Defendant PetSmart, LLC ("Defendant"). ("Removal Notice," Dkt. No. 1.) After considering the Removal Notice, the Court sua sponte REMANDS the case to the San Bernadino County Superior Court.

## I.  BACKGROUND

On January 29, 2025, Donna Ray ("Plaintiff") filed a complaint against Defendant and Does 1 through 10 in the Superior Court of the State of California, County of San Bernadino. ("Complaint," Dkt. No. 1-1.) The Complaint alleges personal injury and asserts two causes of action against Defendant: (1) negligence and (2) premises liability. (See id.) On June 6, 2025, Defendant removed the action to this Court pursuant to diversity jurisdiction. (Removal Notice at 1-2.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter from state court to federal court if the district court would have original jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). A defendant may therefore remove civil actions over which the federal courts have original

jurisdiction: (1) where a federal question exists or (2) where complete diversity of citizenship exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.

For diversity jurisdiction to be proper, each plaintiff must be a citizen of a different state than each defendant.  In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).  A corporation is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  The presence of any non-diverse party destroys complete diversity and deprives the Court of subject matter jurisdiction.  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden of establishing that removal is proper and must prove the existence of federal jurisdiction by a preponderance of the evidence.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683–85 (9th Cir. 2006); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g, 387 F.3d 966 (9th Cir. 2004).  Any doubt regarding the propriety of removal must be resolved in favor of remand.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87–88 (2014).

"In determining the amount in controversy, courts first look to the complaint."  Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).  When a state-court complaint alleges on its face "damages in excess of the required jurisdictional minimum," the amount pled controls, unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402–404 (9th Cir. 1996).  Conversely, "[w]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 793 (9th Cir. 2018); see also Dart Cherokee Basin Operating Co., LLC, 574 U.S. at 82.

"[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability."  Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010).  Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  Campbell v. Vitran Exp., Inc., 471 F. App'x 646, 648 (9th Cir. 2012) (quoting Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting Gaus, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in the complaint, or has affirmatively alleged an amount less than $75,000, the burden lies with the defendant to show, by a preponderance of the evidence, that the jurisdictional minimum is satisfied. Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

The standard does not require a moving defendant to "research, state, and prove the plaintiff's claims for damages." Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010), aff'd sub nom. Coleman v. Estes Exp. Lines, Inc., 631 F.3d 1010 (9th Cir. 2011). Rather, courts accept reasonable estimates supported by wage rates, average earnings, or time periods. Id. at 1148. Additionally, courts may consider statutory or contractual attorneys' fees recoverable by the prevailing party, and where such fees are authorized, they are properly included in the amount in controversy. Fritsch, 899 F.3d at 788-95.

The district court may remand a case *sua sponte* or on motion by a party. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 514 (1868).

### III.  DISCUSSION

Defendant contends that removal is proper under 28 U.S.C. §§ 1441(b) and 1446. (See Removal Notice at 2.) Defendant asserts that it is incorporated in Delaware with its principal place of business in Arizona, and that Plaintiff resides in California. (See id.) Defendant further argues that Plaintiff seeks damages exceeding $75,000 for claims of negligence and premises liability. (Id.)

Although Defendant has established complete diversity between the parties, Defendant has not met its burden to establish that the amount in controversy requirement is satisfied. The removing party bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Fritsch, 899 F.3d at 793; Gaus, 980 F.2d at 566-67. Where the complaint does not allege a specific amount, the removing party must plausibly allege in the notice of removal that the jurisdictional threshold is met, and support that assertion with underlying facts. Dart Cherokee Basin Operating Co., LLC, 574 U.S. at 87-88.

Plaintiff does not allege that the amount in controversy exceeds $75,000 in the Complaint. (See Complaint.) Plaintiff alleges that she slipped near the entrance of Defendant's store, fell, and was injured, but does not specify the extent of those injuries or what medical treatment (if any) she received. (Id. ¶ 17.) Plaintiff further asserts that she suffered "economic and non-economic damages" and will foreseeably continue to suffer such damages. (Id. ¶¶ 2, 23, 29.) The prayer for relief seeks damages according to proof, prejudgment interest, costs of suit, and other relief the court deems appropriate, but does not allege specific, quantifiable damages—such as medical expenses, pain and suffering, lost wages, or loss of earning capacity—from which an amount in controversy can be reasonably calculated. (Id. at 5.) Accordingly, the Complaint fails to confer subject matter jurisdiction on this Court.

The Removal Notice likewise provides no factual basis to support Defendant's conclusory statement that the amount in controversy exceeds $75,000. (See Removal Notice at 2.) Defendant's " 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' " Richmond, 897 F. Supp. at 450, fails to establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum. Defendant's singular paragraph in support of its amount in controversy argument mischaracterizes the Complaint, claiming that Plaintiff seeks damages for hospital expenses and loss of earning capacity and that Plaintiff herself alleges the case value exceeds $75,000—allegations that are pled nowhere in the Complaint. (Removal Notice ¶ 6; see Complaint.) Defendant failed to make any plausible allegation regarding the amount in controversy. As such, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

Accordingly, the Court sua sponte **REMANDS** the action to the Superior Court of California, County of San Bernardino and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**